[No. 31859-8-II.   Division Two.   August 9, 2005.]

SCOTT RAY ANDRUS, *Appellant*, v. THE DEPARTMENT OF TRANSPORTATION ET AL., *Respondents*.

*John R. Scannell* (of *ActionLaw.net*), for appellant.

*Robert M. McKenna, Attorney General*, and *El Shon D. Richmond, Assistant*; and *Elizabeth A. McIntyre* (of *Law Lyman Daniel Kamerrer & Bogdanovich, P.C.*), for respondents.

¶1 QUINN-BRINTNALL, C.J. — After checks of Scott Andrus' employment references proved unsatisfactory, the city of Olympia (City) revoked an oral employment offer it had made to him for an at-will position. Andrus sued, claiming wrongful termination. The superior court granted the City's motion for summary judgment and Andrus appeals. We affirm and award the City attorney fees and costs for defending this frivolous appeal.

## FACTS[1]

¶2 While employed elsewhere, Andrus applied for a position as a building inspector for the city of Olympia. On July 13, 2000, Andrus received a call from Tom Hill, an engineering supervisor with the City who was partially responsible for hiring building inspectors. During the call, Hill stated, "You're our number one choice and I'm offering you the job." Clerk's Papers (CP) at 17. The two men did not discuss the starting date, salary, benefits, or job details. Andrus responded "Great" and "Yes" and then hung up the phone after asking Hill to fax him the details about starting

---

[1] These facts are presented in the light most favorable to Andrus. *See* CR 56(c); *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982).

pay, retirement benefits, and a potential labor union membership. CP at 17. Andrus expected to receive the fax the next day and expected that the fax would also contain a written job offer and request for acceptance.

¶3 Instead, he received a phone message from Hill withdrawing the job offer due to further reference checks. At the time Andrus received word that the City had withdrawn its offer, he had not changed his job status with his current employer in any manner.

¶4 Andrus sued the City and the Department of Transportation (DOT). Andrus claimed that the July 13 phone call was an employment contract that the City breached by withdrawing the job offer. Andrus also alleged that DOT was liable for defamation for providing a bad employment reference to the City. The superior court granted the City and DOT's motion for summary judgment and this appeal followed.

## ANALYSIS

WRONGFUL BREACH OF AN AT-WILL EMPLOYMENT CONTRACT

¶5 On appeal, Andrus assigns error only to the superior court's order granting the City summary judgment. He argues that his July 13 phone call with Hill formed an employment contract which was wrongfully breached when Hill revoked the offer the following day.[2] Andrus' claim is frivolous.

■■ ¶6 An enforceable contract requires, among other things, an offer with *reasonably certain* terms. RESTATEMENT (SECOND) OF CONTRACTS § 33 (1979) ("The fact that one or more terms of a proposed bargain are left open or uncertain may

---

[2] Andrus' complaint also contained an allegation that the City and DOT discriminated against him on the basis of an asserted physical disability. *See* RCW 49.60.180. But Andrus has not raised this claim here, and it is waived. *Smith v. King,* 106 Wn.2d 443, 451-52, 722 P.2d 796 (1986). We note also that Andrus testified in a deposition that he was unaware of any evidence supporting the discrimination claim. *See Grimwood v. Univ. of Puget Sound, Inc.,* 110 Wn.2d 355, 360-61, 753 P.2d 517 (1988) (summary judgment for employer proper where employee testified that he had no evidence of age discrimination); *Griffith v. Schnitzer Steel Indus., Inc.,* 128 Wn. App. 438, 453-57, 115 P.3d 1065 (2005).

show that a manifestation of intention is not intended to be understood as an offer or as an acceptance."). Hill's "job offer" contained no starting date, salary, or benefit information. Moreover, it was to be followed by a written offer and request for acceptance. Under these facts, the July 13 phone conversation did not form an employment contract.

¶7 Moreover, even if a contract had been formed, there was no actionable breach because Andrus admitted that the building inspector job was an at-will position. An employer can generally discharge an at-will employee without cause and without fear of liability. *See Thompson v. St. Regis Paper Co.*, 102 Wn.2d 219, 226, 685 P.2d 1081 (1984). The general rule will not apply only if the parties have contractually modified the at-will employment relationship or if the firing contravenes public policy or a legislative enactment. *Ford v. Trendwest Resorts, Inc.*, 146 Wn.2d 146, 152-54, 43 P.3d 1223 (2002); *Gardner v. Loomis Armored, Inc.*, 128 Wn.2d 931, 913 P.2d 377 (1996) (discharge of armored truck driver who abandoned post to prevent murder violated public policy); *see also* ch. 49.60 RCW (Washington's Law Against Discrimination). The public policy exception is a narrow one and is limited to firings based on an employee's performance of a public duty or obligation, refusal to commit an illegal act, exercising of a legal right or privilege, or reporting of employer misconduct. *Reninger v. Dep't of Corr.*, 134 Wn.2d 437, 446-47, 951 P.2d 782 (1998); *Gardner*, 128 Wn.2d at 936.

¶8 Andrus asserts that revocation of the at-will position violated public policy because Hill did not have the authority to "terminate" Andrus. Andrus relies on a provision from the City's municipal code that vests power in the city manager to appoint and remove all City employees. *See* Olympia Municipal Code (OMC) 2.08.010. This argument clearly does not fall within the narrowly defined public policy exception described above. Andrus' argument also is disingenuous because Andrus does not challenge Hill's authority to make the initial job offer. In addition, the municipal provision Andrus cites does not state that the

city manager's hiring and firing power is exclusive, and Andrus points to no evidence limiting Hill's authority to rescind the job offer he made.

■ ¶9 Andrus lastly suggests that he might be entitled to reliance damages for Hill's revocation of the job offer one day after it was made. *See* RESTATEMENT (SECOND) OF CONTRACTS § 344(b). But an employee who is lawfully fired from an at-will position has no recourse against the employer. *Thompson*, 102 Wn.2d at 226. Moreover, we note that Andrus presented no evidence of reliance damages, e.g., moving expenses or a change in his current job status, which may have occurred in the one day he believed he was employed by the City.

¶10 Even assuming that the July 13 phone call created an at-will employment contract, which we do not hold, Andrus failed to articulate a basis on which he could maintain an action for unlawful termination. Summary judgment for the City was proper.

ATTORNEY FEES AND COSTS ON APPEAL

■ ¶11 The City requests attorney fees and costs under RAP 18.9(a), which permits such an award against a party who files a frivolous appeal. An appeal is frivolous under RAP 18.9 if it raises no debatable issues and is so devoid of merit that there is no reasonable possibility of reversal. *State ex rel. Quick-Ruben v. Verharen*, 136 Wn.2d 888, 905, 969 P.2d 64 (1998).

■ ¶12 We agree with the City that this appeal raises no debatable issues and is frivolous. On the record before us, the decision to file a court action in this matter was unfounded. *See generally Watson v. Maier*, 64 Wn. App. 889, 891, 827 P.2d 311 (1992) (" 'About half of the practice of a decent lawyer is telling would-be clients that they are damned fools and should stop.' " (quoting *McCandless v. Great Atl. & Pac. Tea Co.*, 697 F.2d 198, 201-02 (7th Cir. 1983))). Andrus then filed this appeal and asserted arguments that lack any support in the record or are precluded by well-established and binding precedent that he does not

distinguish. We award the City attorney fees and costs on appeal subject to its compliance with RAP 18.1(d).

¶13 Affirmed.

HUNT and VAN DEREN, JJ., concur.

Review denied at 157 Wn.2d 1005 (2006).